STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1276

CYNTHIA PERCLE

VERSUS

LAFOURCHE PARISH GOVERNMENT

Judgment Rendered: **JUL 1 2 2023**

* * * * *

APPEALED FROM THE SEVENTEENTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA
DOCKET NUMBER 139747

HONORABLE JOHN E. LEBLANC, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Christopher H. Riviere | Attorneys for Plaintiff-Appellee |
| Todd M. Magee | Cynthia Percle |
| Thibodaux, Louisiana | |
| | |
| Michael G. Gee | Attorneys for Defendant-Appellant |
| Mallory Fields Maddocks | Lafourche Parish Government |
| Thibodaux, Louisiana | |

* * * * *

BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.

**GREENE, J.**

In this case, the defendant, Lafourche Parish Government (LPG), appeals a judgment that declared a tract of land as having the same characteristics as fastlands and declared that no Coastal Use Permit was required for the property. LPG also filed a peremptory exception raising the objection of peremption with this Court. The plaintiff, Cynthia Percle, filed an opposition to the exception and filed a motion to remand the matter for a trial on the exception. After review, we grant the motion and remand the matter.

## FACTS AND PROCEDURAL HISTORY

Ms. Percle owns approximately 21 acres of immovable property in Lafourche Parish located at 848 Choctaw Road in Thibodaux, Louisiana. Ms. Percle's property contains a 1.359 acre portion that is located within the 256-acre Banane Camp Drainage Area, a forced drainage system with ring levees maintained by LPG. LPG previously built the levee system without proper authorization from the U.S. Army Corps of Engineers or the Louisiana Department of Natural Resources (DNR), Office of Coastal Management.

In early 2018, Ms. Percle cleared the 1.359 acre portion of the property to develop a residential homesite. On April 18, 2018, LPG made a field investigation of the property and determined that the impacted area was part of a forced drainage system and was a cypress forest habitat.

LPG instructed Ms. Percle that she needed to complete and submit an after-the-fact Coastal Use Permit application. On February 1, 2018, Ms. Percle submitted a Coastal Use Permit application to DNR. On that same day, DNR determined that the application was a matter of local concern and that the application would be processed by the Lafourche Parish Office of Coastal Zone Management.

On June 17, 2019, Ms. Percle requested that LPG evaluate her property and all property within the levee system for fastlands status. Ms. Percle noted that

2

DNR's Strategic Online Natural Resources Information System (SONRIS) maps showed that the neighboring areas within the levee protection system were marked as fastlands. On June 26, 2019, LPG responded that her request had been forwarded to DNR and that based on DNR's response, the area was not considered fastlands. LPG further stated that "we will continue to process your application as before. [We] will be sending you a letter with the next steps in processing your application."

On July 2, 2019, LPG's Office of Coastal Zone Management sent a letter to Ms. Percle stating that it had determined compensatory mitigation was required for the loss of the 1.359 acres of cypress forest habitat resulting from the proposed use. The letter further stated that the Coastal Use Permit Application on file indicated Ms. Percle was both the applicant and the sole landowner of the impact site and advised that additional information might be required to fully evaluate a mitigation proposal. LPG's Office of Coastal Zone Management sent Ms. Percle a second, nearly identical letter on October 16, 2019.

Ms. Percle filed a petition for judicial review of the Coastal Use Permit issue on November 18, 2019. Ms. Percle maintained that LPG had issued prior decisions that directly conflicted with its decision regarding her property. She maintained that the only distinction between her property and the other property was the ongoing issues from the unauthorized construction of the Banane Camp Drainage levee system by LPG. Ms. Percle asked for a judicial declaration that the property had the same characteristics as fastlands and had no connection to and no significant direct impact on coastal waters, and thus a Coastal Use Permit was not required. Ms. Percle asked that LPG be ordered to reimburse her for all reasonable expenses and pay her damages, attorney fees, legal interest, and costs. She also requested all general and equitable relief provided by law.

LPG filed an answer generally denying the allegations, raising affirmative defenses, and maintaining that if the district court determined that Ms. Percle had

3

failed to exhaust her administrative remedies, judicial relief was precluded, and the petition was premature. LPG prayed that the petition and cause of action be dismissed with prejudice at Ms. Percle's costs, and, alternatively, if judgment were rendered in favor of Ms. Percle, that any recovery be reduced in proportion to her fault, the fault of a third party, and her failure to reasonably mitigate her damages. LPG also asked for all general and equitable relief.

The matter was submitted to the district court for judicial review. After review, the district court rendered judgment in favor of Ms. Percle and against LPG.[1] The district court decreed that the 1.359 acres at issue had the same characteristics as fastlands. It also decreed that the land had no connection to and no significant direct impact on coastal water, and therefore, a Coastal Use Permit was not required.[2] LPG was cast for costs of the proceedings. LPG filed a suspensive appeal from that judgment.

LPG filed a peremptory exception raising the objection of peremption with this Court, asserting that it notified Ms. Percle by mail on July 2, 2019, of its final decision requiring a permit for the unauthorized clearing of cypress forest habitat. LPG maintains that the date of filing of Ms. Percle's petition for judicial review, November 18, 2019, was not within the 30-day period from the date of mailing of notice of the final decision in accordance with La. R.S. 49:214.35(E). Thus, LPG asserts that Ms. Percle's right to file for judicial review expired prior to her filing.

---

[1] We note that the judgment and reasons for judgment were contained in the same document, contrary to the mandate of La. C.C.P. art. 1918(B). Louisiana Code of Civil Procedure article 1918(B) states that [w]hen written reasons for the judgment are assigned, they **shall** be set out in an opinion **separate** from the judgment." (Emphasis added.) Thus, a judgment should not include reasons for judgment. Furthermore, an appeal lies only from the judgment, not from the reasons. **Greater New Orleans Expressway Comm'n v. Olivier**, 2002-2795 (La. 11/8/03), 860 So.2d 22, 24. However, a judgment that is complete in every respect is still valid despite the inclusion of the written reasons. **Conley v. Plantation Management Company, L.L.C.**, 2012-1510 (La. App. 1 Cir. 5/6/13), 117 So.3d 542, 547, writ denied, 2013-1300 (La. 9/20/13), 132 So.3d 178.

[2] In its reasons for judgment, the district court noted that LPG caused the problem for Ms. Percle and unnecessarily refused to recognize its fault or address the issue.

Ms. Percle opposed LPG's exception and filed a motion to remand the matter for a trial on the exception. Ms. Percle maintains that the matter should be remanded to the district court for trial of the exception as no final decision has been made by LPG, and thus the judicial review period provided in La. R.S. 49:214.35(E) never started. Ms. Percle asserts that a remand would allow her to introduce evidence into the record to show that LPG has not issued a final decision.

Peremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement, should be adopted. **Rando v. Anco Insulations Inc.**, 2008-1163 (La. 5/22/09), 16 So.3d 1065, 1083. Appellate review is limited to the record. La. C.C.P. art. 2164. This Court cannot consider evidence submitted in connection with a peremptory exception filed for the first time in this Court. **Vanguard Vacuum Trucks, L.L.C. v. Mid-America Resources Corp.**, 2017-0434 (La. App. 1 Cir. 11/1/17), 233 So.3d 87, 89. Ms. Percle is entitled to demonstrate that no final decision was made by LPG. We find that the interests of justice demand that we remand the matter to permit the parties to develop evidence on the peremption issue. See La. C.C.P. art. 2164; **Vanguard Vacuum Trucks, L.L.C.**, 233 So.3d at 89.

## CONCLUSION

For the foregoing reasons, we grant the motion to remand the matter to the district court.

**MOTION GRANTED; MATTER REMANDED.**

5